# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| **DALENE THOMAS,** | **MEMORANDUM DECISION AND ORDER** |
| **Plaintiff,** | |
| **v.** | **Case No. 2:13-cv-296-PMW** |
| **CAROLYN W. COLVIN, Acting Commissioner of Social Security,** | |
| **Defendant.** | **Magistrate Judge Paul M. Warner** |

Before the court is Dalene Thomas's ("Plaintiff") appeal of the Commissioner's final decision determining that Plaintiff was not entitled to Disability Insurance Benefits ("DIB") under Title II of the Social Security Act, *see* 42 U.S.C. §§ 401-434, and Supplemental Security Income ("SSI") under Title XVI of the Social Security Act, *see id*. §§ 1381-1383f. After careful consideration of the written briefs and the complete record, the court has determined that oral argument is not necessary in this case.

## <u>BACKGROUND</u>

Plaintiff alleges disability due to various physical and mental impairments. On December 17, 2009, Plaintiff applied for DIB and SSI, alleging disability beginning on January 1, 2008.[1] Plaintiff's applications were denied initially and upon reconsideration.[2] On September

---

[1] *See* docket nos. 10-11, Administrative Record ("Tr. ____") 149-162.

[2] *See* Tr. 83-86.

28, 2010, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"),[3] and that hearing was held on March 10, 2011.[4]  On March 25, 2011, the ALJ issued a written decision denying Plaintiff's claims for DIB and SSI.[5]  On December 8, 2011, the Appeals Council denied Plaintiff's request for review,[6] making the ALJ's decision the Commissioner's final decision for purposes of judicial review.  *See* 42 U.S.C. §§ 405(g), 1383(c)(3); 20 C.F.R. §§ 404.981, 416.1481.

On January 20, 2012, Plaintiff filed suit in this court to appeal the Commissioner's final decision determining that Plaintiff was not entitled to DIB and SSI.[7]  On May 24, 2012, the Commissioner filed an unopposed motion to remand Plaintiff's case for further administrative proceedings.[8]  The court granted that motion.[9]

In an order dated June 26, 2012, the Appeals Council remanded Plaintiff's case to the ALJ.[10]  A remand hearing was then held on March 14, 2013.[11]  On March 27, 2013, the ALJ issued a second written decision denying Plaintiff's claims for DIB and SSI.[12]  The ALJ's second

---

[3] *See* Tr. 104-105.

[4] *See* Tr. 36-82.

[5] *See* Tr. 18-35.

[6] *See* Tr. 1-6.

[7] *See* Case no. 2:12-cv-92-BCW, docket no. 3.

[8] *See id*. at docket no. 17; Tr. 576-578.

[9] *See* Case no. 2:12-cv-92-BCW at docket no. 18; Tr. 574-575.

[10] *See* Tr. 581-586.

[11] *See* Tr. 492-530.

[12] *See* Tr. 437-471.

decision became the Commissioner's final decision for purposes of judicial review when Plaintiff did not file exceptions with the Appeals Council, and when the Appeals Council did not assume jurisdiction over Plaintiff's case on its own. *See* 20 C.F.R. §§ 404.984(d), 416.1484(d).

On May 1, 2013, Plaintiff filed her complaint in this case, which was assigned to District Judge Dee Benson.[13] The Commissioner filed her answer and the Administrative Record on June 27, 2013.[14]

On August 5, 2013, both parties consented to a United States Magistrate Judge conducting all proceedings in the case, including entry of final judgment, with appeal to the United States Court of Appeals for the Tenth Circuit.[15] Consequently, the case was reassigned to Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(c) and rule 73 of the Federal Rules of Civil Procedure.[16] *See* 28 U.S.C. § 636(c); Fed. R. Civ. P. 73.

Plaintiff filed her opening brief on August 23, 2013.[17] The Commissioner filed her answer brief on September 27, 2013.[18] Plaintiff filed her reply brief on October 9, 2013.[19]

## STANDARD OF REVIEW

This court "review[s] the Commissioner's decision to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal

---

[13] *See* docket no. 3.

[14] *See* docket nos. 8, 10-11.

[15] *See* docket no. 15.

[16] *See id*.

[17] *See* docket no. 17.

[18] *See* docket no. 18.

[19] *See* docket no. 19.

standards were applied." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (quotations and citation omitted). The Commissioner's findings, "if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. It requires more than a scintilla, but less than a preponderance." *Lax*, 489 F.3d at 1084 (quotations and citation omitted). "In reviewing the ALJ's decision, [this court may] neither reweigh the evidence nor substitute [its] judgment for that of the [ALJ]." *Madrid v. Barnhart*, 447 F.3d 788, 790 (10th Cir. 2006) (quotations and citation omitted). "The failure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed [are] grounds for reversal." *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005) (quotations and citation omitted).

A five-step evaluation process has been established for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v); *see also Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988) (discussing the five-step process). If a determination can be made at any one of the steps that a claimant is or is not disabled, the subsequent steps need not be analyzed. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

> Step one determines whether the claimant is presently engaged in substantial gainful activity. If [the claimant] is, disability benefits are denied. If [the claimant] is not, the decision maker must proceed to step two: determining whether the claimant has a medically severe impairment or combination of impairments. . . . If the claimant is unable to show that his impairments would have more than a minimal effect on his ability to do basic work activities, he is not eligible for disability benefits. If, on the other hand, the claimant presents medical evidence and makes the *de minimis* showing of medical severity, the decision maker proceeds to step three.

4

*Williams*, 844 F.2d at 750-51 (quotations and citations omitted); *see* 20 C.F.R.

§§ 404.1520(a)(4)(i)-(ii), 416.920(a)(4)(i)-(ii).

"Step three determines whether the impairment is equivalent to one of a number of listed impairments that . . . are so severe as to preclude substantial gainful activity . . . . If the impairment is listed and thus conclusively presumed to be disabling, the claimant is entitled to benefits. If not, the evaluation proceeds to the fourth step . . . ." *Williams*, 844 F.2d at 751 (quotations and citations omitted); *see* 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). At the fourth step, the claimant must show that the impairment prevents performance of his "past relevant work." 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). "If the claimant is able to perform his previous work, he is not disabled." *Williams*, 844 F.2d at 751. If, however, the claimant is not able to perform his previous work, he "has met his burden of proof, establishing a prima facie case of disability." *Id.*

At this point, "[t]he evaluation process . . . proceeds to the fifth and final step." *Id.* At this step, the burden of proof shifts to the Commissioner, and the decision maker must determine "whether the claimant has the residual functional capacity [("RFC")] . . . to perform other work in the national economy in view of his age, education, and work experience." *Id.*; *see* 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If it is determined that the claimant "can make an adjustment to other work," 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v), he is not disabled. If, on the other hand, it is determined that the claimant "cannot make an adjustment to other work," 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v), he is disabled and entitled to benefits.

## **ANALYSIS**

In support of her claim that the Commissioner's decision should be reversed, Plaintiff presents several arguments. Plaintiff argues that the ALJ erred by failing to provide any analysis

concerning his evaluation of the opinions of Tim Kockler, Ph.D. ("Dr. Kockler"). Plaintiff also

argues that the ALJ erred by failing to consider a lay witness statement submitted by Plaintiff's

father. Those two arguments are dispositive of Plaintiff's appeal because they mandate reversal.

Accordingly, the court will address only those two arguments here and "will not reach the

remaining issues raised by [Plaintiff] because they may be affected by the ALJ's treatment of this

case on remand." *Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003); *see also Gilbert v.

Astrue*, 231 Fed. App'x 778, 785 (10th Cir. 2007) ("In light of the remand of this case, we do not

reach the remainder of [the plaintiff's] claims on appeal . . . .").

## I. Dr. Kockler

Plaintiff argues that the ALJ erred in his evaluation of the opinions of Dr. Kockler.

> In deciding how much weight to give a treating source opinion, an ALJ must first determine whether the opinion qualifies for controlling weight. To make this determination, the ALJ . . . must first consider whether the opinion is well[ ]supported by medically acceptable clinical and laboratory diagnostic techniques. If the answer to this question is "no," then the inquiry at this stage is complete. If the ALJ finds that the opinion is well[ ]supported, he must then confirm that the opinion is consistent with other substantial evidence in the record. If the opinion is deficient in either of these respects, then it is not entitled to controlling weight.
>
> Even if a treating physician's opinion is not entitled to controlling weight, treating source medical opinions are still entitled to deference and must be weighed using all of the factors provided in [20 C.F.R. §§ 404.1527 and 416.927]. Those factors are: (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion.

> Under the regulations, the agency rulings, and [Tenth
> Circuit] case law, an ALJ must give good reasons . . . for the
> weight assigned to a treating physician's opinion . . . that are
> sufficiently specific to make clear to any subsequent reviewers
> the weight the adjudicator gave to the treating source's medical
> opinion and the reason for that weight.  If the ALJ rejects the
> opinion completely, he must then give specific, legitimate reasons
> for doing so.

*Langley v. Barnhart*, 373 F.3d 1116, 1119 (10th Cir. 2004) (quotations and citations omitted)

(sixth alteration in original); *see also* 20 C.F.R. §§ 404.1527(c), 416.927(c).

In this case, the ALJ makes reference in his decision to the opinions of Dr. Kockler.

However, the ALJ provides no analysis of his treatment of those opinions.  As noted above, "an

ALJ must give good reasons . . . for the weight assigned to a treating physician's opinion . . . that

are sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator

gave to the treating source's medical opinion and the reason for that weight."  *Langley*, 373 F.3d

at 1119 (quotations and citations omitted) (first alteration in original).  The ALJ failed to do so

concerning Dr. Kockler's opinions.  Accordingly, the court concludes that the ALJ erred in that

respect.

## II.  Lay Witness Statement

Plaintiff also argues that the ALJ erred by failing to consider a lay witness statement

submitted by Plaintiff's father.  Pursuant to Social Security Ruling ("SSR") 06-03p, lay

witnesses are considered "other sources."  *See* SSR 06-03p.  SSR 06-03p provides that the

factors for evaluating the opinions of treating physicians apply with equal weight to the opinions

of "other sources."  *See id.*; *see also* 20 C.F.R. §§ 404.1527(c), 416.927(c).

In this case, as conceded by the Commissioner, the ALJ made no reference in his decision

to Plaintiff's father's lay witness statement.  The Commissioner argues, however, that the ALJ's

failure in that regard was harmless because Plaintiff's father's statement is largely consistent with Plaintiff's own testimony, which the ALJ determined was lacking in credibility. The court cannot agree. As Plaintiff has noted, Plaintiff's father's lay witness statement provides information about Plaintiff's functional limitations that is not contained in Plaintiff's testimony. Accordingly, the court concludes that the ALJ erred by failing to address that lay witness statement.

## CONCLUSION AND ORDER

Based on the foregoing, the court concludes that the ALJ erred by failing to provide any analysis concerning his evaluation of the opinions of Dr. Kockler. The court also concludes that the ALJ erred by failing to consider Plaintiff's father's lay witness statement. Accordingly, **IT IS HEREBY ORDERED** that the Commissioner's decision in this case is **REVERSED AND REMANDED**.

**IT IS SO ORDERED**.

DATED this 18th day of June, 2014.

BY THE COURT:

PAUL M. WARNER
United States Magistrate Judge