IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| **DALENE THOMAS,**<br><br>   **Plaintiff,**<br><br>v.<br><br>**CAROLYN W. COLVIN, Acting Commissioner of Social Security,**<br><br>   **Defendant.** | **MEMORANDUM DECISION AND ORDER**<br><br>**Case No. 2:13-cv-296-PMW**<br><br>**Magistrate Judge Paul M. Warner** |

All parties in this case have consented to United States Magistrate Judge Paul M. Warner conducting all proceedings, including entry of final judgment, with appeal to the United States Court of Appeals for the Tenth Circuit.[1]  *See* 28 U.S.C. § 636(c); Fed. R. Civ. P. 73.  Before the court is Dalene Thomas's ("Plaintiff") motion for attorney fees pursuant to the Equal Access to Justice Act ("EAJA").[2]  The court has carefully reviewed the written memoranda submitted by the parties.  Pursuant to civil rule 7-1(f) of the Rules of Practice for the United States District Court for the District of Utah, the court has concluded that oral argument is not necessary and will determine the motion on the basis of the written memoranda.  *See* DUCivR 7-1(f).

---

[1] *See* docket no. 15.

[2] *See* docket no. 22.

## BACKGROUND

On December 17, 2009, Plaintiff applied for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act, *see* 42 U.S.C. §§ 401-434, and Supplemental Security Income ("SSI") under Title XVI of the Social Security Act, *see id*. §§ 1381-1383f, alleging disability beginning on January 1, 2008.[3] Plaintiff's applications were denied initially and upon reconsideration.[4] On September 28, 2010, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"),[5] and that hearing was held on March 10, 2011.[6] On March 25, 2011, the ALJ issued a written decision denying Plaintiff's claims for DIB and SSI.[7] On December 8, 2011, the Appeals Council denied Plaintiff's request for review,[8] making the ALJ's decision the Commissioner's final decision for purposes of judicial review. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); 20 C.F.R. §§ 404.981, 416.1481.

On January 20, 2012, Plaintiff filed suit in this court to appeal the Commissioner's final decision determining that Plaintiff was not entitled to DIB and SSI.[9] On May 24, 2012, the

---

[3] *See* docket nos. 10-11, Administrative Record ("Tr. ___") 149-162.

[4] *See* Tr. 83-86.

[5] *See* Tr. 104-105.

[6] *See* Tr. 36-82.

[7] *See* Tr. 18-35.

[8] *See* Tr. 1-6.

[9] *See* Case no. 2:12-cv-92-BCW, docket no. 3.

Commissioner filed an unopposed motion to remand Plaintiff's case for further administrative proceedings.[10] The court granted that motion.[11]

In an order dated June 26, 2012, the Appeals Council remanded Plaintiff's case to the ALJ.[12] A remand hearing was then held on March 14, 2013.[13] On March 27, 2013, the ALJ issued a second written decision denying Plaintiff's claims for DIB and SSI.[14] The ALJ's second decision became the Commissioner's final decision for purposes of judicial review when Plaintiff did not file exceptions with the Appeals Council, and when the Appeals Council did not assume jurisdiction over Plaintiff's case on its own. *See* 20 C.F.R. §§ 404.984(d), 416.1484(d).

On May 1, 2013, Plaintiff filed her complaint in this case seeking judicial review of the Commissioner's final decision.[15] On June 18, 2014, this court issued a memorandum decision and order ("Order") reversing the Commissioner's final decision and remanding this case for further administrative proceedings.[16] Although Plaintiff raised numerous challenges to the ALJ's decision on appeal, the court addressed only two issues in the Order because they were dispositive of Plaintiff's appeal. First, the court concluded that the ALJ erred by failing to provide any analysis concerning the weight he assigned to the opinions of Tim Kockler, Ph.D.

---

[10] *See id*. at docket no. 17; Tr. 576-578.

[11] *See* Case no. 2:12-cv-92-BCW at docket no. 18; Tr. 574-575.

[12] *See* Tr. 581-586.

[13] *See* Tr. 492-530.

[14] *See* Tr. 437-471.

[15] *See* docket no. 3.

[16] *See* docket no. 20.

("Dr. Kockler"), as required by the relevant regulations and Tenth Circuit case law. *See* 20 C.F.R. §§ 404.1527(c), 416.927(c); *see also Langley v. Barnhart*, 373 F.3d 1116, 1119 (10th Cir. 2004). Second, the court concluded that the ALJ erred by failing to consider a lay witness statement submitted by Plaintiff's father. The judgment in this case was entered on June 19, 2014.[17]

On August 20, 2014, Plaintiff filed the motion for attorney fees currently before the court. Along with the motion, Plaintiff filed a copy of the attorney fee agreement Plaintiff and her counsel both signed. In that agreement, Plaintiff assigned her right to any EAJA attorney fees to her counsel. The Commissioner opposes Plaintiff's motion.

## ANALYSIS

The EAJA provides for an award of attorney fees and other expenses to a prevailing party, as follows:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).

> [T]he Commissioner ha[s] the burden of proof to show that her position was substantially justified. The test for substantial justification in this circuit is one of reasonableness in law and fact. Thus, the [Commissioner's] position must be justified to a degree

---

[17] *See* docket no. 21.

> that could satisfy a reasonable person. The [Commissioner's] position can be justified even though it is not correct.

*Hackett v. Barnhart*, 475 F.3d 1166, 1172 (10th Cir. 2007) (quotations and citations omitted). In determining whether the Commissioner's position was substantially justified, the court must examine both the underlying agency's conduct and the Commissioner's defense of that conduct on appeal in the district court. *See* 28 U.S.C. § 2412(d)(2)(D).

The EAJA also provides that

> [a] party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive an award under this subsection, and the amount sought, including an itemized statement from any attorney or expert witness representing or appearing in behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed. The party shall also allege that the position of the United States was not substantially justified. Whether or not the position of the United States was substantially justified shall be determined on the basis of the record (including the record with respect to the action or failure to act by the agency upon which the civil action is based) which is made in the civil action for which fees and other expenses are sought.

*Id*. § 2412(d)(1)(B). The thirty-day period for applying for attorney fees under the EAJA runs from the date the judgment is final and not appealable. *See id*. § 2412(d)(2)(G).

In her motion, which was filed within the requisite thirty-day period referenced above, Plaintiff argues that she is entitled to an award of $5811.99 for attorney fees pursuant to the EAJA and has included the required itemized statement of fees. Plaintiff asserts that she is the prevailing party and that the position of the Commissioner in this case was not substantially justified. Plaintiff further contends that the fees sought are reasonable.

In response, the Commissioner does not argue that Plaintiff is not the prevailing party or that there are special circumstances that make an award of fees unjust.  Instead, the Commissioner argues that her position in this case was substantially justified.  The Commissioner contends that she was substantially justified in arguing that Dr. Kockler did not offer an opinion about Plaintiff's functional limitations that was required to be weighed in accordance with the relevant regulations.  *See* 20 C.F.R. §§ 404.1527(c), 416.927(c); *see also Langley*, 373 F.3d at 1119.  The Commissioner further argues that, even if Dr. Kockler's opinions did relate to Plaintiff's functional limitations, the ALJ's decision and the Commissioner's position on appeal were reasonable because Dr. Kockler's opinions are not inconsistent with the ALJ's decision, which renders harmless any error committed by the ALJ in failing to weigh Dr. Kockler's opinions.  As for consideration of the lay witness statement of Plaintiff's father, the Commissioner asserts that the ALJ's failure to discuss said statement was harmless because it essentially reiterated Plaintiff's testimony, which the ALJ found to be not credible.  The Commissioner notes that Plaintiff did not challenge the ALJ's credibility determination on appeal.  Finally, the Commissioner argues that if attorney fees are to be awarded in this case, they should be awarded directly to Plaintiff, not to Plaintiff's counsel.

The court has determined that the Commissioner's arguments concerning substantial justification are without merit.  While it is true that the Commissioner's position can be justified even if it is not correct, *see Hackett*, 475 F.3d at 1172, the court has determined that principle does not apply here.

With respect to Dr. Kockler's opinions, the Commissioner has failed to persuade the court that Dr. Kockler did not offer an opinion about Plaintiff's functional limitations.  To the contrary,

6

at least one of Dr. Kockler's statements can be construed as going directly to Plaintiff's functional limitations.[18]  Further, Dr. Kockler's opinions were rendered after a thorough psychological evaluation of Plaintiff.  In the court's view, those opinions were required to weighed by the ALJ as a medical opinion in accordance with the relevant regulations.  *See* 20 C.F.R. §§ 404.1527(c), 416.927(c); *see also Langley*, 373 F.3d at 1119.  As for the Commissioner's harmless error argument, the court concludes that it is speculative in nature and an improper post-hoc attempt to justify the ALJ's decision.  *See, e.g.*, *Haga v. Astrue*, 482 F.3d 1205, 1207-08 (10th Cir. 2007); *Grogan v. Barnhart*, 399 F.3d 1257, 1263 (10th Cir. 2005).  Under the relevant regulations, the ALJ had a clear duty to weigh all of the opinion evidence.  He failed to do so in this case.  For those reasons, the court concludes that the Commissioner's position with respect to Dr. Kockler's opinions was not substantially justified, either at the agency level or on appeal.

As for the Commissioner's argument concerning the ALJ's failure to make any reference to Plaintiff's father's lay witness statement, the court concludes that it fails.  The Commissioner argues that the ALJ's failure in that regard was harmless because the lay witness statement essentially reiterates Plaintiff's testimony, which the ALJ found to be not credible.  However, the court rejected that argument in the Order and rejects it again here.  As the court noted in the Order, Plaintiff's father's lay witness statement provides information about Plaintiff's functional limitations that is not contained in Plaintiff's testimony.  Accordingly, the court cannot conclude that the ALJ's failure to make any reference to Plaintiff's father's lay witness statement constituted harmless error.  By failing to make any reference to the lay witness statement, the

---

[18] *See* Tr. 775.

ALJ failed to make it clear that he considered the statement in reaching his decision. *See Blea v. Barnhart*, 466 F.3d 903, 915 (10th Cir. 2006). For those reasons, the court concludes that the Commissioner's positions at the agency level and on appeal with respect to Plaintiff's father's lay witness statement were not substantially justified.

Having determined that the Commissioner's position was not substantially justified, the court turns to the issue of the payment of attorney fees under the EAJA in this case. The court concludes that the award of attorney fees under the EAJA must be paid to directly to Plaintiff, rather than to Plaintiff's counsel. That conclusion is consistent with case law from the Tenth Circuit. *See Brown v. Astrue*, 271 Fed. App'x 741, 743 (10th Cir. 2008) (unpublished) ("The district court correctly held that [the plaintiff's] assignment of his right in the fees award to counsel does not overcome the clear EAJA mandate that the award is to him as the prevailing party, and the fees belong to him. Thus, the district court correctly declined to award the fees directly to counsel."); *Manning v. Astrue*, 510 F.3d 1246, 1249-55 (10th Cir. 2007) (holding based on statutory language, legislative history, and case law, that an attorney fee award under the EAJA is to the prevailing party and not to the prevailing party's counsel). Notably, in her reply memorandum, Plaintiff does not object to payment of attorney fees under the EAJA directly to her, rather than to her counsel.

Finally, although not challenged by the Commissioner, the court concludes that the attorney fees sought by Plaintiff are reasonable.

## CONCLUSION AND ORDER

Based on the foregoing, Plaintiff's motion for attorney fees pursuant to the EAJA[19] is **GRANTED**. The Commissioner shall pay Plaintiff an award of attorney fees under the EAJA attorney fee award of $5811.99, but that award shall be payable directly to Plaintiff, not to her counsel.

**IT IS SO ORDERED**.

DATED this 3rd day of November, 2014.

BY THE COURT:

_____
PAUL M. WARNER
United States Magistrate Judge

---

[19] *See* docket no. 22.